*E-FILED - 6/24/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUSTAVO RODARTE, | ) | No. C 10-4517 RMW (PR) |
| Petitioner, | ) ) | ORDER DENYING RESPONDENT'S MOTION TO DISMISS |
| vs. | ) ) | |
| WARDEN R. GROUNDS, | ) ) | (Docket No. 5) |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a disciplinary hearing and resulting sentence. The court ordered respondent to show cause why the petition should not be granted. Respondent has filed a motion to dismiss for failure to state a cognizable habeas claim. Petitioner has filed an opposition, and respondent has filed a reply. For the reasons below, the court DENIES respondent's motion to dismiss.

**BACKGROUND**

In his petition, petitioner claims that his due process rights were violated during disciplinary proceedings that stemmed from an incident on January 2, 2009. In the rules violation report, petitioner was charged with manipulating staff, in violation of California Code of Regulations, Title 15 § 3005(a). At a disciplinary hearing on January 30, 2009, petitioner was found guilty. (Petition, Ex. D.) He has filed unsuccessful state habeas petitions in California

1  superior, appellate, and supreme courts.

2  Petitioner filed the instant federal petition on October 6, 2010.  He alleges that there was
3  not "some evidence" to support a finding of guilt, and that he was denied the right to call
4  witnesses at his hearing.  He requests that his rules violation be expunged from his record, and
5  that he be restored thirty days credit, which was forfeited as a result of the disciplinary violation.

## DISCUSSION

7  Respondent argues that habeas jurisdiction is absent because petitioner's claims do not
8  allege a deprivation of a protected liberty interest.  Respondent goes on to argue that even if his
9  claims were successful, the result would not affect the duration of his confinement.  (MTD at
10 4-5.)  Respondent shows that petitioner was sentenced to an indeterminate life sentence, and has
11 since passed his minimum eligible parole date ("MEPD"), which was on February 13, 2006.
12 (MTD at 4.)  Thus, asserts respondent, petitioner's claims, if successful, would not shorten his
13 sentence because the prison did not actually assess a thirty-day credit loss.  (MTD at 4.)  In
14 response, petitioner argues that his sentence also included placement for sixty days in Privilege
15 Group "C," and he was limited to 1/4 the maximum monthly canteen draw.  (Opp. at 2.)
16 Petitioner claims that because he was serving his sentence in a different manner from the
17 "customary fashion," it affected the duration of his sentence.  (Opp. at 4.)

18 Interests protected by the Due Process Clause may arise from two sources -- the Due
19 Process Clause itself and laws of the states.  See Meachum v. Fano, 427 U.S. 215, 223-27
20 (1976).  Changes in conditions so severe as to affect the sentence imposed in an unexpected
21 manner implicate the Due Process Clause itself, whether or not they are authorized by state law.
22 See Sandin v. Conner, 515 U.S. 472, 484 (1995).  Deprivations authorized by state law that are
23 less severe or more closely related to the expected terms of confinement may also amount to
24 deprivations of a procedurally protected liberty interest, provided that (1) state statutes or
25 regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the
26 inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance."  See
27 id. at 477-87.  Generally, "real substance" will be limited to freedom from (1) a restraint that
28 imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of

Order Denying Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.10\Rodarte517mtdcr.wpd        2

prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.

As an initial matter, because petitioner has since passed his MEPD, the loss of credits did not affect his sentence. See Alley v. Carey, No. 09-15328, 2010 WL 4386827, *1 (9th Cir. Nov. 10, 2010) (unpublished memorandum disposition)(recognizing that once the MEPD passed, a prisoner's date of release is determined by the Board of Prison Terms, and the prisoner's actual sentence no longer affected by an allegation of improper credit forfeiting).  Thus, any liberty interest that he might have received from a loss of credits is inapplicable to petitioner. Moreover, there is no indication that there is any state statute or regulation that narrowly restricts the power of prison officials to impose the deprivations at issue here.  Moreover, even assuming a statute or regulation existed to give rise to a liberty interest, the liberty in question is not one of "real substance."  Nevertheless, even though petitioner has not alleged a protected liberty interest under section 2254, he raised a cognizable due process claim that there was no evidence to support his disciplinary conviction. Cf. Burnsworth v. Gunderson, 179 F.3d 771, 775 (9th Cir. 1999) ("in prison disciplinary hearings - "the minimum requirements of procedural due process" require that "the findings of the prison disciplinary board [be] supported by some evidence in the record.").

The next question is whether this action should be brought in a habeas petition or civil rights action.  "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." Hill v. McDonough, 547 U.S. 573, 579 (2006) (quotation marks and citation omitted).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id.  Traditionally, challenges to prison conditions have been cognizable only via a section 1983 civil rights action, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004). The two remedies are not always mutually exclusive, however. Id. at 1031; see also id. at

1027 n.2. The Ninth Circuit has permitted habeas to be used to assert claims that are "likely to accelerate" eligibility for parole, even though success in such cases would not necessarily implicate the fact or duration of confinement. Id. at 1028 (citing Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989), and Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003)). "Thus, although Supreme Court case law makes clear that section 1983 is not available where a prisoner's claim "necessarily" implicates the validity or duration of confinement, it does not set out any mirror-image limitation on habeas jurisdiction." Docken, 393 F.3d at 1028; but see Ramirez, 334 F.3d at 859 ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

     A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Federal habeas corpus jurisdiction also exists when a prisoner seeks "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic, 884 F.2d at 1269 (citing McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir. 1982)).

     Expungement of a disciplinary finding is "likely" to accelerate a prisoner's eligibility for parole when his claim has "a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within the 'core' challenges identified [in Preiser]." Docken, 393 F.3d at 1031. An inmate's claim strikes at the core of habeas corpus when it "attack[s] the very duration of [his] physical confinement itself" and seeks "immediate release or speedier release from that confinement." Preiser, 411 U.S. at 487-88, 498. The Ninth Circuit has concluded that, "The likelihood of the effect on the overall length of the prisoner's sentence . . . determines the availability of habeas corpus." Docken, 393 F.3d at 1028 (quoting Ramirez, 334 F.3d at 858).

     In California, a prisoner who "will pose an unreasonable risk of danger to society if released from prison" is not suitable for release from prison, regardless of the amount of time served. Cal. Code Regs. tit. 15, § 2402(a). In considering suitability, the Board is required to consider "all relevant, reliable information available," including "behavior before, during, and

after the crime." Id., § 2402(b). The circumstances tending to show unsuitability include whether "[t]he prisoner has engaged in serious misconduct in prison or jail." Id., § 2402(c)(6). Likewise, institutional behavior is given additional consideration among the circumstances tending to show suitability for parole because "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Id., § 2402(d)(9). The unsuitability and suitability factors are "set forth as general guidelines" to be considered by the parole board. Id., § 2402(c), (d). The presence of a prison disciplinary conviction can therefore diminish the chance that an inmate will be granted a parole date. This court has reviewed numerous transcripts from parole hearings at which California prison inmates have been denied parole due, at least in part, to the presence of one or more prison disciplinary convictions, and where inmates have been advised by Board panels to become or remain disciplinary free pending their next parole hearing.

      Petitioner's disciplinary violation is the type of relevant information that section 2402(b) requires parole boards to consider because it reflects on petitioner's behavior "after the crime," it is serious misconduct in prison or jail," and it is a possible indicator that petitioner is unable or unwilling to comply with society's rules. Id. Expungement of petitioner's prison disciplinary violation, if warranted, could affect the duration of his confinement by making it more likely that he would be granted parole. See, e.g., Martin v. Tilton, No. 08-55392, 2011 WL 1624989, at *1 (9th Cir. April 29, 2011) (unpublished memorandum disposition) ("Even though Martin did not forfeit any work-time credits as a result of the disciplinary finding, we have jurisdiction because the Board of Parole will consider the charge when it evaluates Martin's eligibility for parole."); Cleveland v. Curry, No. 10-0592 CRB, 2010 WL 4595186, at *2 (N.D. Cal. Nov. 5, 2010) (claim seeking expungement of serious disciplinary violation cognizable on habeas review, even though thirty-day credit loss had no effect on sentence, because expungement was likely to accelerate prisoner's eligibility for parole); Murphy v. Department of Corrections and Rehabilitation, No. C 06-4956 MHP, 2008 WL 111226, at *7 (N.D. Cal. Jan. 9, 2008) (action seeking expungement of serious disciplinary conviction cognizable on habeas review because expungement could affect the duration of the petitioner's confinement by making it more likely that he would be granted

1  parole); Dutra v. Department of Corrections and Rehabilitation, No. C 06-0323 MHP, 2007 WL
2  3306638, at *6 (N.D. Cal. Nov. 6, 2007) (claim seeking expungement of disciplinary conviction
3  cognizable on habeas review because "convictions secured for disciplinary violations in such a
4  proceeding may be a factor in an inmate's parole consideration hearing").

5        On the other hand, there is no evidence before the court that petitioner has ever been
6  denied a parole date on the basis of his prison disciplinary record.  In that sense, whether or not
7  the presence of this disciplinary conviction would affect his parole eligibility is somewhat
8  speculative.  As noted by respondent, the decision to grant or deny parole is based on a myriad of
9  considerations.  Cf. Sandin, 515 U.S. at 487 (discussing whether a protected liberty interest was
10 asserted, and stating, "The chance that a finding of misconduct will alter the balance [or a parole
11 suitability decision] is simply too attenuated to invoke the procedural guarantees of the Due
12 Process Clause"); Ramirez, 334 F.3d at 859 (successful challenge to a prison disciplinary
13 proceeding will not necessarily shorten the length of confinement because the Board could deny
14 parole for other reasons); Norman v. Salazar, No. CV 08-8532-AHM (JEM), 2010 WL 2197541,
15 at *2 (C.D. Cal. Jan. 26, 2010) ("the mere possibility that the 2006 disciplinary conviction could
16 be detrimental to petitioner in future parole hearings is too speculative to serve as the basis for a
17 habeas corpus petition"); Santibanez v. Marshall, No. CV 07-00612-GEF (MAN), 2009 WL
18 1873044 (C.D. Cal. June 30, 2009) (claim seeking expungement of disciplinary conviction not
19 cognizable on habeas review because it would have only speculative impact on the petitioner's
20 consideration for parole in the future, the petitioner had other prison disciplinary convictions on
21 his record as well, and he did not explicitly raise any concern that the information may have an
22 effect on his consideration for parole in the future).

23       In this case, although expungement of petitioner's disciplinary conviction would not
24 "necessarily shorten [his] sentence," Ramirez, 34 F.3d at 859, it is "likely" to accelerate his
25 eligibility for parole, Bostic, 884 F.2d at 1269, and/or "could potentially affect the duration of

his confinement." Docken, 393 F.3d at 1031.[1]  After a careful review of the cases cited above, the court concludes that petitioner has stated a claim cognizable on habeas corpus. Expungement of a disciplinary conviction from an inmate's record is likely to accelerate his eligibility for parole and could potentially affect the duration of his confinement.  Accordingly, respondent's motion to dismiss is DENIED.

## CONCLUSION

Respondent's motion to dismiss is DENIED.

Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must

---

[1] While there appears to be some conflict between Ramirez and Docken, Ramirez's suggestion that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence," was dicta. Ramirez involved a section 1983 case, and held "that the favorable termination rule [did] not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement." Id. at 858.  The court in Ramirez then went on to discuss the availability of habeas jurisdiction in light of this holding. Id.  This was based on the assumption that jurisdiction under sections 1983 and 2254 are mutually exclusive. As discussed in Docken, this assumption was not well-founded. Docken, 393 F.3d at 1030-31 ("In the only instance where the Supreme Court addressed whether habeas and § 1983 are necessarily mutually exclusive, the suggestion was that they are not.").  As a result, this court follows the analysis in Docken, which reaffirmed Bostic's holding. See Docken, 393 F.3d at 1029-31.

1 comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
2 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
3      The clerk is directed to terminate the docket number 5.
4      IT IS SO ORDERED.
5 DATED:   6/24/11

                                                  RONALD M. WHYTE
                                                  United States District Judge