IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUSTAVO RODARTE, | ) | No. C 10-4517 RMW (PR) |
| Petitioner, | ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
| vs. | ) | |
| WARDEN R. GROUNDS, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a disciplinary proceeding. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer, along with a supporting memorandum of points and authorities. Although petitioner was given an opportunity, he did not file a traverse. For the reasons stated below, the court DENIES petitioner's petition for writ of habeas corpus.

**BACKGROUND**

In November 2008, petitioner was receiving medication to lower his cholesterol level. (Pet. Memo at 1.) On December 19, 2008, petitioner requested a medical pass because he was experiencing pain in his arms and legs, and believed he was having an allergic reaction. (Id.) After petitioner was seen by a doctor, petitioner was prescribed prednisone to counteract the allergic reaction. (Id.) Dr. Stewart advised petitioner to return to medical for re-evaluation if the

symptoms did not clear up by December 22, 2008 – the date petitioner's prednisone would run out. (Id.) Petitioner noticed, however, that his symptoms had cleared by December 22, 2008. (Id. at 1-2.)

On December 31, 2008, petitioner again began experiencing extreme pain, and requested medical attention. (Id. at 2.) Correctional Officer Lavelle, who had issued petitioner a medical pass the last time, called medical staff to explain the situation, and issued petitioner a medical pass. (Id.) Nurse Block saw petitioner upon arrival, and Nurse Block opined that it looked like a rash, but she would issue petitioner a medical pass to see a doctor for the following day. (Id.)

The following night, on January 1, 2009, petitioner was in severe pain, and asked Correctional Officer Castro to issue a medical pass because petitioner could not bear the pain. (Id.) Correctional Officer Castro issued petitioner a pass, and he saw Nurse Leary. (Id.) On January 2, 2009, petitioner again was experiencing pain, and requested Correctional Officer Lavelle to issue a medical pass. (Id.) Correctional Officer Lavelle told petitioner that his request had been denied by the medical staff. (Id.) Petitioner then spoke with the Facility Sergeant in charge of the unit, and the Facility Sergeant suggested that petitioner call "Man Down," to compel the medical personnel to immediately respond. (Id. at 3.)

Petitioner triggered a "Man Down" call. In response to the call, Nurse Leary arrived, and informed petitioner that he would be receiving a CDC 115 (serious rules violation report) for manipulating staff, in violation of California Code of Regulations § 3005(a). (Id. at 3-4.) Nurse Leary refused to medically tend to petitioner, and instead, returned to the medical department.

Petitioner was scheduled to see a doctor on January 5, 2009, but he inadvertently lost his medical pass. (Id. at 4.) Petitioner was issued another medical pass by Correctional Officer Lavelle, and was seen by Nurse Pruitt on January 6, 2009. (Id.) Nurse Pruitt issued petitioner a medical pass for January 8, 2009. (Id.) On January 8, 2009, petitioner was seen by Dr. Javate, who addressed petitioner's medical issues. (Id.)

At petitioner's rules violation hearing on January 30, 2009. (Petition, Ex. D.) Petitioner had explained that he was in excruciating pain and the nurses were not addressing his issues. (Id.) Nurse Leary testified that petitioner had been seen by medical staff the night before he

called "Man Down," and had already been treated. (Id.) Nurse Leary also remarked that petitioner demanded to see a doctor, stating, "I don't want to see a nurse; I demand to see a doctor!" (Id.) Ultimately, petitioner was found guilty. (Id.) The hearing officer found that the petitioner manipulated staff in order to satisfy his need to see a doctor. The hearing officer also noted that petitioner's use of calling "Man Down" created disorder by stopping all inmate movement/program due to the gurney, and that petitioner was also uncooperative with Nurse Leary. (Id.) The hearing officer concluded that petitioner used "Man Down" to manipulate a way to seek medical attention from someone other than Nurse Leary. (Id.) Petitioner was assessed, inter alia, 30 days loss of credit. (Id.)

## DISCUSSION

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, Williams v. Taylor, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an

1  "unreasonable application of" Supreme Court authority, falling under the second clause of
2  § 2254(d)(1), if the state court correctly identifies the governing legal principle from the
3  Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's
4  case." Id. at 413.  The federal court on habeas review may not issue the writ "simply because
5  that court concludes in its independent judgment that the relevant state-court decision applied
6  clearly established federal law erroneously or incorrectly." Id. at 411.

7  Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination
8  will not be overturned on factual grounds unless objectively unreasonable in light of the
9  evidence presented in the state-court proceeding." Miller-El, 537 U.S. at 340.  The court must
10 presume correct any determination of a factual issue made by a state court unless the petitioner
11 rebuts the presumption of correctness by clear and convincing evidence.  See 28 U.S.C. §
12 2254(e)(1).

**B.      Petitioner's Claims**

As grounds for federal habeas relief petitioner claims that: (1) there was insufficient evidence to support a guilty finding of a serious rule violation, and (2) he was denied the right to call witnesses at his disciplinary hearing.

1.      Sufficiency of the Evidence

Petitioner's arguments here – that manipulation of staff is not specifically listed in section 3315, which governs serious rule violations, and petitioner does not have a repeated pattern of administrative rule violations for the same offense in order to qualify as having committed a serious rule violation – do not state a federal claim for relief.  Petitioner, in essence, argues that his behavior, and the charge of manipulation of staff, does not qualify as a "serious rule violation."  However, the superior court rejected this claim in petitioner's state habeas petition. (Resp., Ex. 4.)  A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. Bradshaw v. Richey, 546 U.S. 74, 76 (2005).  Petitioner's claim that his behavior and the resulting disciplinary charge should not have been assessed as a serious rule violation is a claim of state law interpretation, and thus, not cognizable in this federal habeas action.

Petitioner further claims that there was not "some evidence" to support his guilty finding. The revocation of good-time credits does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary decision-maker are supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). There must be "some evidence" from which the conclusion of the decision-maker could be deduced. Id. at 455. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. Id. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary decision-maker. Id. This standard is considerably lower than that applicable in criminal trials. Id. at 456.

Section 3005(a) states, "Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person." Cal. Code. Regs. tit. 15 § 3005(a). The evidence relied upon by the hearing officer in finding petitioner guilty of manipulation of staff meets Hill's "some evidence" standard. The state court correctly identified the "some evidence" standard as the standard for judicial review and reasonably applied it. (Resp., Ex. 4.)

Here, petitioner admitted that after seeing two nurses in two days – both of whom told him to wait for a few days to see the doctor – petitioner asked Correctional Officer Lavelle what he needed to do "to supersede the nurse's decision because of the pain" he was in. Petitioner also admitted that he called for "Man Down" because that is what it took to see a doctor. The hearing officer noted that because medical staff had to respond to petitioner's "Man Down" call, it created disorder by stopping all other inmate movement and programming due to the misuse of the gurney. The evidence satisfies the "some evidence" requirement. Petitioner's right to due process was not violated by prison officials' decision to find him guilty. The state court's rejection of his claim was not contrary to or an unreasonable application of clearly established federal law.

2. Right to call witnesses

Petitioner claims that he requested two witnesses at the hearing – Correctional Officers

1  Lavelle and Castro – but his requests were improperly denied.  Petitioner argues that had he been
2  able to call Correctional Officer Lavelle, she would have testified that petitioner had dark red
3  lumps in late December 2008, which caused her to call medical staff.  Petitioner claims that
4  Correctional Officer Lavelle would have supported petitioner's assertion that his need for
5  medical attention was legitimate.
6        An inmate in California is entitled to due process before being disciplined when the
7  discipline imposed will inevitably affect the duration of his sentence.  See Sandin v. Conner, 515
8  U.S. 472, 484, 487 (1995).  The process due in such a prison disciplinary proceeding includes
9  written notice, time to prepare for the hearing, a written statement of decision, allowance of
10 witnesses and documentary evidence when not unduly hazardous, and aid to the accused where
11 the inmate is illiterate or the issues are complex.  Wolff v. McDonnell, 418 U.S. 539, 564-67
12 (1974).  The Due Process Clause only requires that prisoners be afforded those procedures
13 mandated by Wolff and its progeny; it does not require that a prison comply with its own, more
14 generous procedures.  See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994).
15       The state courts denied this claim without opinion.
16       The hearing officer denied petitioner's request regarding Correctional Officer Lavelle
17 because "this witness has no independent knowledge of the incident" as it occurred after her
18 shift.  The hearing officer also denied petitioner's request regarding Correctional Officer Castro
19 because "the witness has no relevant or additional information."  Further, neither Correctional
20 Officer Lavelle nor Correctional Officer Castro were "medically trained to evaluate" petitioner's
21 medical condition or "the level of pain that may be involved."
22       It is undisputed that petitioner's statements regarding the involvement of Correctional
23 Officers Lavelle and Castro leading up to the "Man Down" call were heard and considered by
24 the hearing officer.  Although petitioner claims that he should have been permitted to have the
25 witnesses present at the hearing, he has offered no evidence that either of the witnesses had any
26 additional or relevant information to offer at the hearing that was not already presented.  See
27 Wolff, 418 U.S. at 566 ("Prison officials must have the necessary discretion to keep the hearing
28 within reasonable limits."); Bostic v. Carlson, 884 F.2d 1267, 1271 (9th Cir. 1989) (finding no

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.10\Rodarte517denhc.wpd        6

1 due process violation when hearing officer denied requested witnesses because they would not
2 provide additional information).
3     Even assuming that the failure to have either Correctional Officers Lavelle or Castro
4 appear at the hearing violated petitioner's due process, petitioner has not offered any evidence
5 indicating that any omitted testimony of either of these witnesses would have changed the result.
6 That Correctional Officers Lavelle or Castro believed petitioner's level of pain was legitimate,
7 and petitioner's wish to see a doctor was legitimate, those opinions likely would not have
8 changed the hearing officer's mind, considering that Nurse Leary testified that she had spoken
9 with Dr. Bright, who stated that petitioner could wait until January 5th to see a doctor. Thus, any
10 error was harmless. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

**CONCLUSION**

12     For the reasons set forth above, the petition for writ of habeas corpus is DENIED. The
13 clerk shall close the file.

**CERTIFICATE OF APPEALABILITY**

15     The federal rules governing habeas cases brought by state prisoners require a district
16 court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its
17 ruling. Petitioner has failed to make a substantial showing that his claims amounted to a denial
18 of his constitutional rights, or demonstrate that a reasonable jurist would find the denial of his
19 claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA
20 is DENIED.

21     IT IS SO ORDERED.
22 Dated: _____

*Ronald M. Whyte*
RONALD M. WHYTE
23 United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GUSTAVO RODARTE,

        Plaintiff,

  v.

R. GROUNDS et al,

        Defendant.

Case Number: CV10-04517 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 19, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gustavo Rodarte C-72196
CTF Central
Post Office Box 689
YW-312U
Soledad, CA 93960-689

Dated: December 19, 2012

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO RODARTE,<br><br>        Plaintiff,<br><br>  v.<br><br>R. GROUNDS et al,<br><br>        Defendant. | Case Number: CV10-04517 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 19, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gustavo Rodarte C-72196
CTF Central
Post Office Box 689
YW-312U
Soledad, CA 93960-689

Dated: December 19, 2012

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk